FILED
CLERK, U.S. DISTRICT COURT

JUN 28 1999

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10   AVID IDENTIFICATION SYSTEMS,          CASE NO. CV 98-4055 NM (CWx)
     INC.,
11                                         ORDER DENYING MOTION TO
              Plaintiff,                   VACATE PARTIAL SUMMARY
12                                         JUDGMENT
              v.
13
     GLOBAL ID SYSTEMS and
14   DOUGLAS E. HULL,

15            Defendants.

16

17

18        Presently before the Court is the motion of defendants Douglas E. Hull and

19   Global ID Systems to vacate the Court's Order of January 30, 1999, granting

20   plaintiff's motion for summary adjudication.  The Court has determined the

21   motion is amenable to resolution without an oral hearing.  Local Rule 7.11.  Upon

22   full consideration of the moving and opposition papers, the arguments and

23   authorities, and the entire record herein, the Court hereby <u>denies</u> defendants'

24   motion, for the reasons set forth below.

25

26                                        I

27                              Procedural Background

28        As set forth in the Order Granting Plaintiff's Motion for Summary

JUN 30 1999
ENTERED ON ICMS

Adjudication, plaintiff filed a motion for partial summary judgment seeking an adjudication regarding defendants Global ID Systems' and Douglas E. Hull's affirmative defenses of unclean hands and breach of fiduciary duty. Plaintiff argued that defendants admitted certain facts when they failed to respond to plaintiff's First Set of Requests for Admission, that defendants could not produce any evidence or facts to support their affirmative defenses, and that these particular defenses were not proper defenses to plaintiff's claims. Plaintiff complied in December 1998 with Local Rule 7.4.1 prior to filing the motion.

Defendants' counsel admits he did not file or serve an opposition on the date his papers were due, January 25, 1999. Declaration of Derek L. Tabone ("Tabone Dec."), ¶ 5 ("I realize that the local rules required a response by January 25th, but I simply did not have the time to complete the work and consult with my client."). He did not call opposing counsel. He did not apply ex parte for an extension or a continuance. The deadline simply passed.

Plaintiff advised the Court that no opposition had been filed or served, and, upon review of plaintiff's moving papers, arguments, authorities, and the record in the case, the Court then granted the motion.

Defendant's counsel states he was "able" to prepare an opposition to plaintiff's motion, which he served on Friday January 29, 1999.[1] He did not file it, however, until Monday, February 1, 1999. The papers listed the initials of the Hon. Ronald S.W. Lew, not "NM."[2] Counsel states he did not receive the notice of the transfer or the Court's order granting plaintiff's motion for summary adjudication, although he verified that the clerk has his correct address. Tabone

---

[1] The Proof of Service shows service by mail.

[2] The case was transferred to this Court by Order of the Chief Judge, December 18, 1998. This Court entered and served a Minute Order on December 23, 1998 stating, among other things, the proper initials to be used following the case number. Plaintiff's motion, filed January 15, 1999, which defendants admit receiving, bore the proper initials.

1   Dec., ¶¶ 6-10.  Evidently, defendants have made no further efforts to obtain a copy

2   of the Court's order.  Notice of Motion, Motion to Vacate Partial Summary

3   Judgment ("Defs. Mot."), p. 6 ("Defendants are at somewhat of a disadvantage, in

4   that they have not been able to review the actual order granting Plaintiff's motion,

5   and do not, therefore, know what, if any, grounds were given for granting the

6   motion.").[3]

7        Defendants' counsel moved to vacate the Court's order — without

8   reviewing it — on February 22, 1999.  Counsel failed to comply with Local Rule

9   7.4.1.

10                                    II

11                               Discussion

12        A.    Standard

13        Defendants frame the motion as one to vacate the Court's order, although

14   they cite Rules 59 and 60(b) of the Federal Rules of Civil Procedure.  These rules

15   authorize the Court to reconsider an order granting summary judgment.  See

16   School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th

17   Cir. 1993), cert denied, 512 U.S. 1236, 114 S.Ct. 2742 (1994); Trustees of the

18   AFTRA Health and Retirement Funds v. KTVU, Inc., 1997 WL 703782, p. *2

19   (N.D. Cal. 1997)(Patel, J.).  "Reconsideration is appropriate if the district court (1)

20   is presented with newly discovered evidence, (2) committed clear error or the

21   initial decision was manifestly unjust, or (3) if there is an intervening change in

22   controlling law."  School Dist., 5 F.3d at 1263; Trustees, p. *2.  Motions for

23   reconsideration are not to be used in lieu of an appeal or to attack a perceived error

24   of the court.  Trustees, p. *2, citing Twentieth Century-Fox Film Corp. v.

25   Dunnahoo, 637 F.2d 713, 715 (9th Cir. 1980), cert. denied, 454 U.S. 863 (1981).

26   Of the various grounds specified in Rule 60(b) upon which a party may move for

27   _____

28        [3] The Court's order was entered on the Civil Docket February 1, 1999.

                                         3

reconsideration, only one is claimed here.[4]  Specifically, "mistake, inadvertence, surprise or excusable neglect," forms the basis of defendants' request for relief.

As Judge Patel explained, "'gross carelessness' is insufficient to warrant reconsideration; nor is it sufficient that the party is 'unhappy with the judgment.'" Trustees, p. *3, quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2858, p. 170 (1973); see also Hill v. Fort Dearborn Life Insurance Company, 1993 WL 307758, p. *1 (N.D. Cal. 1993)(Patel, J.)("Rule 60(b) ... is not an equitable response to the request for 'just one more time, please.'").  "The terms contained in subparagraph (1), including 'excusable' are interpreted strictly." Hill, p. *1.

In the Central District, the grounds for reconsideration are as follows:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
(b) the emergence of new material facts or a change of law occurring after the time of such decision, or
(c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Rule 7.16.

B.    Analysis

Defendants do not argue that any of the grounds enumerated in Local Rule 7.16 apply here.  At most, counsel contends he should be excused because, in effect, he "did the best he could."  Not only does this "no big deal" justification fail on its face to constitute "mistake, inadvertence, surprise or excusable neglect," but defendants' counsel has not even shown he was mistaken about the deadline, he "inadvertently" missed the filing date, he was "surprised," or his oversight

---

[4] Defendants do cite the "catch-all" ground ("any other reason justifying relief from the operation of the judgment"), but the unequivocal basis for their motion for reconsideration is subsection (1).

4

1 should be excused.

2 First, unlike the instant motion, the parties conferred as required by Local

3 Rule 7.4.1 well before plaintiff filed its motion for summary adjudication. Even if

4 defendants' counsel did not know the requirements of the Local Rules, the pre-

5 filing conference certainly placed him on notice of a forthcoming motion and of

6 ,his obligation to oppose it or file a statement of non-opposition. A claim of

7 ignorance cannot be sustained on this record, nor would it justify reconsideration.

8 Second, defendants' counsel nowhere contends he did not know when the

9 opposition was due.[5] He states he received plaintiff's papers on January 19, 1999,

10 and "given that Defendant resides in Thailand, a turnaround of 10 days is,

11 Defendants submit, hardly dilatory, nor does the 7 days late service and filing

12 justify granting the motion as unopposed." Defs. Mot., p. 5. Counsel cites no

13 authority for this proposition.

14 Third, even assuming that Mr. Hull's residence in Thailand warranted

15 additional time for preparation of his opposition,[6] defendants' counsel made no

16 effort to so inform plaintiff's counsel or this Court, nor did ne seek the Court's

17 permission to file his opposition belatedly. The record thus fails to show any

18 "mistake, inadvertence, surprise or excusable neglect."

19 In sum, defendants have not met their burden on this motion, and it must be

20 denied.

21

22

23

24 [5] Such ignorance would not, in any event, excuse the late filing and service.

25 [6] Counsel states: "My client lives in Thailand. In addition to the 14 hour time difference

26 mail service between the United States and Thailand is spotty at best." Tabone Dec., ¶ 3. No
mention is made of overnight courier service or facsimile transmissions. The opposition papers

27 defendants ask the Court to consider or reconsider, moreover, include a declaration of Mr. Hull
dated June 26, 1998, filed in connection with an earlier motion. Defendants cannot justify a

28 request for reconsideration based on a purported need for Mr. Hull's declaration.

## III

### Conclusion

For the reasons set forth above, the Court hereby <u>denies</u> defendants' motion to vacate (or reconsider) the Court's order of January 30, 1999, granting summary adjudication in plaintiff's favor regarding defendants' affirmative defenses.

IT IS SO ORDERED.

DATED:  June 21, 1999

Nora M. Manella
United States District Judge